IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   13-cr-00392-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    **1.**    **GEORGE THOMAS BROKAW,**
    2.    JOHN J. PAWELSKI,
    3.    MIMI M. VIGIL, and
    4.    CLARA M. MUELLER,

    Defendants.

**GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY CONDITIONS OF RELEASE [# 52]**

Defendant Brokaw asks the Court to modify his conditions of release by removing the requirements imposed by Magistrate Judge Watanabe that he is subject to home detention and GPS monitoring.   The record establishes that Defendant Brokaw has a lengthy history of disregarding his legal obligations related to taxes, undermining legitimate government attempts to collect taxes from him and from others, and expressing his disregard for the authority of United States District Courts.   This record demonstrates that the current release conditions are the least restrictive necessary to assure Defendant Brokaw's appearance at future court proceedings.   Defendant Brokaw's request to modify his conditions of release, contained in his Motion to Review and Modify Conditions of Release [# 52], should be denied.

1

As Defendant Brokaw has noted, this Court's review of the need for his current conditions of bond should be conducted *de novo*. To keep the challenged conditions in place, the government need only prove by a preponderance of the evidence that they constitute the least restrictive conditions necessary to assure Defendant Brokaw's future court appearances. *United States v. Austin*, 1991 WL 220909, *1 (10th Cir. Oct. 29, 1991).

Before discussing the relevant factors, the government notes that Defendant Brokaw motion is to review and modify his conditions of release. Although he has not requested an evidentiary hearing, his motion alleges a number of facts which were not elicited during the original bond hearing. The additional facts include statements made by Defendant Brokaw after fugitive Ronald Hoodenpyle was arrested while he was in Grand Lake, Colorado with Mr. Hoodenpyle, (Mot. at 6-7), and Defendant Brokaw's request to testify before the grand jury, (*id.* at 7). If the Court intends to consider additional information not introduced during the original hearing in making its decision, then the government requests an evidentiary hearing so that it may also introduce additional relevant facts, such as Defendant Brokaw's failure to accept an offer to testify before the grand jury subject to the same terms and conditions as other witnesses. *See United States v. Garcia*, 445 F. App'x, 105, 108 (10th Cir. 2001) (noting that district court has discretion to decide whether to accept new evidence in ruling on Section 3145 motion for review). The remainder of the government's response assumes that the Court will make its decision on the current record and rely solely on the information adduced at the previous hearing. (The transcript of the previous hearing and government exhibits 2 and 3 from the hearing are attached to this response as Exhibits 1, 2, and 3, respectively.)

Several of the factors relevant to setting appropriate conditions of release undoubtedly weigh in Defendant Brokaw's favor, including his family ties, employment, and length of residence in the community. *See* 18 U.S.C. § 3142(g). The favorable information related to these factors was before Magistrate Judge Watanabe, and Defendant Brokaw does not claim that they were not considered. Defendant Brokaw's motion, however, minimizes or ignores the other factors that strongly suggest he is a flight risk. These factors support Magistrate Judge Watanabe's imposition of home detention and GPS monitoring as necessary conditions to mitigate this risk and assure his future court appearances.

First, Defendant Brokaw's motion fails to address the nature and circumstances of the offenses charged. As set forth in the indictment, these offenses involve a pattern of concerted activity, over the course of approximately four years, to (1) defraud the IRS of millions of dollars, (2) file various false and fraudulent documents with the IRS and with the United States District Court for the District of Colorado, including bogus bonds and promissory notes, in attempts to settle tax-related debts in the millions of dollars, and (3) attempt to intimidate IRS employees by filing a variety of false and fraudulent liens against them. The nature of these offenses supports the conclusion that Defendant Brokaw does not respect the authority of the United States government, particularly with the respect to taxes, the underlying subject matter of his criminal charges.

Second, Defendant Brokaw's association with a group calling itself the Republic of Colorado, part of the so-called Republic of the united States of America or Guardians of the Free Republic, is an important part of his history and characteristics, and it further supports the conclusion that he is a flight risk because he believes the United States

government has no authority over him.[1]  The RuSA rejects the legitimacy of the current state and federal government and claims to have set up a separate government.  As noted in hearing Exhibit 2, for example, a letter signed by various members of this group, including Defendant Brokaw, and delivered to then-Colorado Governor Bill Ritter in 2010, this group claims that it holds "proper sovereign authority" within the United States.  Within this separate government, Defendant Brokaw has served both as a member of the House of Representatives and as the foreperson of something called a "*De jure* Grand Jury."

More specifically, Defendant Brokaw has expressed his belief that United States District Courts are illegitimate.  Exhibit 2, for example, refers to "territorial perversions like USDC."  (Ex. 2 at 2).  Exhibit 3, a document signed by Defendant Brokaw and delivered to the clerk's office after a search warrant signed by Magistrate Judge Watanabe was executed at Defendant Brokaw's house, claims not only that the warrant was invalid but also that Magistrate Judge Watanabe himself committed several crimes by authorizing the warrant.  (Ex. 3 at 4-5).  During an interview with law enforcement officers on December 12, 2010, Defendant Brokaw suggested that his *De jure* Grand Jury would seek to indict sitting judges.  When he was recently arrested, Defendant Brokaw said that the agents effecting the warrant issued by this court had no authority over him and that he did not consent to being arrested.  Defendant Brokaw's activities with this group and his specific statements about the illegitimacy of United States courts strongly support the idea that he is a flight risk.  *See United States v. Clum*, 492 F. App'x 81, 84

---

[1] Defendant Brokaw clearly has a First Amendment right to express his opinions about the government, but the First Amendment does not prevent the use of his own words to determine his beliefs.

4

(11th Cir. 2012) (relying in part on defendant's anti-government statements and tax-protestor rhetoric to affirm determination that he was a flight risk).

Defendant Brokaw's past association with Ronald Hoodenpyle while Hoodenpyle was a fugitive also supports the idea that he is a flight risk. Information presented at the initial hearing demonstrated that Defendant Brokaw was at a small cabin in Grand Lake with Co-Defendant Pawelski and Hoodenpyle, both also members of the RuSA. Defendant Brokaw is correct that there was no direct evidence that he knew Hoodenpyle was then a fugitive, but it is certainly reasonable to infer that Defendant Brokaw and others were helping Hoodenpyle hide out, particularly when Hoodenpyle was with a small group at a rural cabin while possessing a fake picture ID, handgun ammunition, and a copy of a book titled, "How to Change Your Identity."

Finally, Defendant Brokaw attempts to make much of the fact that the government did not seek imposition of the home detention and GPS monitoring conditions on two of his three co-defendants; he remains silent about the fact that the government sought those same conditions for Co-Defendant Pawelski. As Defendant Brokaw himself points out in his motion, however, "[t]he only issue is whether [he] will appear in court as ordered." (Mot. at 7). The sufficiency of conditions to assure the appearance of other defendants with different histories and characteristics is irrelevant to that determination for Defendant Brokaw. Even if that comparison were relevant, Defendant Brokaw glosses over the distinguishing facts that he has expressed his lack of regard for the current government more strongly than some of his co-defendants, has been more active within the parallel government described above, and has previously associated with a federal fugitive.

In short, the evidence introduced at the initial hearing established, by a preponderance of the evidence, that there is a substantial concern about whether Defendant Brokaw will respect future court orders requiring him to appear and that his current release conditions are the least restrictive necessary to assure that he will appear. The government therefore requests that the Court refuse his request to modify those conditions on the record previously developed.   If the Court intends to consider additional evidence on this question, the government requests an evidentiary hearing on Defendant Brokaw's motion.

Respectfully submitted this 30th day of October, 2013,

JOHN F. WALSH
United States Attorney


s/ Matthew T. Kirsch
MATTHEW T. KIRSCH
MARTHA A. PALUCH
Assistant U.S. Attorneys
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: matthew.kirsch@usdoj.gov
        martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Eric K. Klein, Esq.
eklein@jbk-law.com
Attorney for George Thomas Brokaw

Richard N. Stuckey, Esq.
dick@richardstuckeylaw.com
Attorney for John J. Pawelski

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

s/ Deborah Sisung
Deborah Sisung
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Deborah.Sisung@usdoj.gov