**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    **1.**    **George Thomas Brokaw,**
    2.    John J. Pawelski,
    3.    Mimi M. Vigil, and
    4.    Clara M. Mueller,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO PRO SE DEFENDANT GEORGE THOMAS BROKAW'S MOTION RE REQUIREMENT AND WISH FOR DISMISSAL [# 148]**

---

Pro Se Defendant George Thomas Brokaw ("defendant") seeks an order from this Court dismissing this action.   While difficult to decipher, undersigned counsel believes defendant's motion can be summarized as a motion to dismiss based on the following claims:   1) this Court "sits as an 'Article I Court' with limited jurisdiction under the Constitution . . . ."; (Doc. # 148 at 18); 2) this Court "lacks jurisdiction to hear a criminal action or any such action brought by the plaintiff," apparently meaning the government, *id.* at 19; 3) the Court "lacks venue to hear any case or action in a criminal nature," *id.* at 103; 4) the government must show that "there has been an aggrieved party, or that it (the government) was legally harmed in some way," *id.* at 19; and 5) the Court "cannot operate as it lacks a form of action in a criminal action against This injured party as all actions are

1

civil."  *Id.* at 7.

None of these arguments raises even a colorable basis to challenge jurisdiction, venue, or standing.  Nevertheless, the government responds to these claims as best it can as follows:

**1)  This Court sits as an Article III Court, and**
**2)  This Court has jurisdiction to hear this case.**

Article III, § 2, Clause 1 of the United States Constitution is entitled, "Jurisdiction of Courts."  It provides in relevant part that the "judicial power shall extend to all Cases, in Law and Equity arising under this Constitution, the Law of the United States, and Treaties made . . . to Controversies to which the United States shall be a Party . . . ."  Title 18, United States Code, Section 3231 provides that this Court has "original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." This action, brought by the United States, in which the defendant is charged with federal offenses, clearly falls within the jurisdiction of this Court as an Article III court.

Defendant claims that this Court is an Article I court "that only has jurisdiction within 'territories' that are not part of the United States within the meaning of the Constitution or by statute or associated with any other constitutionally granted powers of Congress."  (Doc. # 148 at 10).  The Tenth Circuit rejected such an argument in *Smith v. Kitchen,* 156 F.3d 1025 (10th Cir. 1997).  There, the Court stated, "[a]s best we can determine, Smith has cobbled together stray quotations from various sources to claim that a federal district court can function either as a 'territorial' court under Article I or as a 'constitutional' court under Article III.  Without giving any credence to Smith's bizarre argument, and despite our inability to see how Smith's distinction would matter in this

2

case, we hold that the United States District Court for the District of Colorado was fully empowered under Article III to consider Smith's constitutional claims." *Id.* at 1029.

Defendant's challenge to this Court's jurisdiction to hear this case as an Article III court clearly fails.

### 3) This Court has venue over this criminal case.

Defendant claims the district court lacks venue to hear any criminal actions. He is mistaken.

Federal Rule of Criminal Procedure 18 states in relevant part that "the government must prosecute an offense in a district where the offense was committed." Title 18, United States Code, Section 3237 provides that any offense "against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." *See United States v. Cattle King Packing Co, Inc.,* 793 F.2d 232, 239 n.4 (10th Cir. 1986) (because the crime began in Colorado, it is the proper venue for the charge); *United States v. Root,* 585 F.3d 145, 156 (3d Cir. 2009) (venue for tax evasion prosecution lies in the federal judicial district where the offense was begun, continued, or completed).

All of the conduct alleged in the indictment occurred in Colorado, and defendant committed the charged offenses while living in Colorado. The United States District Court for the District of Colorado clearly has venue to hear this criminal action, and therefore, defendant's challenge in this regard must be denied.

3

### 4) There is no requirement to show harm to an aggrieved party.

Defendant claims the government must show that "there has been an aggrieved party, or that it (the government) was legally harmed in some way." Doc. 148 at 19. Defendant appears to be citing to some civil standard. What matters here is that a grand jury found probable cause to return an indictment charging defendant with numerous violations of federal criminal law. The Court has jurisdiction and venue to hear this matter. Defendant's claim is without merit and should be summarily denied.

### 5) This is not a civil action.

Defendant claims all actions are civil based on a citation to the Federal Rules of Civil Procedure, which rules do not apply to this criminal case. Clearly, criminal actions exist under federal law, as evidenced by the fact that all of Title 18 of the United States Code pertains to criminal actions, as well as the existence of the Federal Rules of Criminal Procedure. *See also* 18 U.S.C. § 3231 ("[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). Defendant has been charged with violating federal criminal statutes and has been so advised by this Court of the criminal penalties he faces. This claim must be denied.

For these reasons, defendant's motion should be denied.

Respectfully submitted this 18th day of April, 2014.

        JOHN F. WALSH
        United States Attorney


        s/ Martha A. Paluch
        MARTHA A. PALUCH
        MATTHEW T. KIRSCH
        Assistant U.S. Attorneys
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        Email: martha.paluch@usdoj.gov
              matthew.kirsch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

                    s/ Deborah Sisung
                    Deborah Sisung
                    Legal Assistant
                    United States Attorney's Office
                    1225 17th Street, Suite 700
                    Denver, CO 80202
                    303 454-0100
                    Fax: 303 454-0402
                    Deborah.Sisung@usdoj.gov