**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 13-cr-00392-CMA

United States of America,

       Plaintiff,

v.

1. George Thomas Brokaw,
2. John J. Pawelski,
3. Mimi M. Vigil,

       Defendants.

---

## PROPOSED JURY INSTRUCTIONS

---

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

**(Arguello Standard Instruction)**

## INSTRUCTION NO. 2
## PURPOSE OF JURY AND DUTY TO FOLLOW
## INSTRUCTIONS

You are here to decide whether the Government has proved beyond a reason-able doubt that ~~the Defendants~~ George Thomas Brokaw and/or Defendant John J. Pawelski and/or Defendant Mimi M. Vigil are guilty of the crimes charged. ~~The Defendants~~ Mr. Brokaw, Mr. Pawelski, and Ms. Vigil are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

————The question of the possible guilt of others should not enter your thinking as you decide whether these Defendants have been proved guilty of the crime charged.

~~Similarly, the Defendants' voluntary absence from the courtroom during the trial is unrelated to their guilt or innocence. Their absence is not evidence in this case and should not enter your thinking be considered as you decide whether each Defendant has been proved guilty of the crimes charged.~~

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is *your duty to apply the law* as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.
**Arguello Standard Instruction and Government's Non-Stipulated Instruction Authority:** Mod. Crim. Jury Instr. 3rd Cir. 2.34 (2014); *United States v. Sykes,* 614 F.3d 303, 308 (7th Cir. 2010); *United States v. Barrientos,* 758 F.2d 1152, 1155 (7th Cir. 1985); *Bailey v. Finder,* No. 04-10101, 2007 WL 2463236, at *3 (E.D. Mich. Aug. 28, 2007). The proposed language re the Defendant's voluntary absence from the courtroom was integrated into Instruction 5.

**INSTRUCTION NO. 3**
**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,**
**AND REASONABLE DOUBT**

The Court instructs you that you must presume the Defendants to be innocent of the crime charged. Thus, although they are accused of a crime in the indictment, the Defendants begin the trial with a "clean slate" – with no evidence against him or her. The law permits the jury to consider only legal evidence presented in court. The indictment or formal charge against the Defendants is not evidence of guilt. In fact it is not evidence of any kind.

The Government has the burden of proving that each ~~the~~ Defendants ~~is~~are guilty beyond a reasonable doubt. Unless the Government proves, beyond a reasonable doubt, that ~~Defendants Brokaw, Pawelski, and Vigil have~~ the Defendant whose case you are considering has committed each and every element of the offenses charged in the First Superseding Indictment, you must find him/her not guilty of those offenses not proven. This burden never shifts to any of the Defendants ~~Brokaw, Pawelski, and Vigil~~ because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or even cross-examining the Government's witnesses.

Although the Government's burden of proof is a strict and heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt. There are very few things in this world that we know with absolute certainty. The test is one of reasonable doubt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence. It is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof which is so convincing that a reasonable person would not hesitate to rely and act upon it in making the most important decisions in his/her own life.

**(Arguello Standard Instruction)**

**INSTRUCTION NO. 4**
**MULTIPLE DEFENDANTS – MULTIPLE COUNTS**

A separate crime is charged against one or more of the Defendants in each count of the First Superseding Indictment.  You must separately consider the evidence against each Defendant on each count and return a separate verdict for each Defendant.   Your verdict as to any one Defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other Defendants or counts.

A verdict form will be provided to you so that you may comply with this instruction.

**Government's Non-Stipulated Instruction**

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 1.22 (2011 ed.) (*edited to specifically mention the verdict form*).

**INSTRUCTION NO. 5**
**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions are not evidence.  <u>The Defendants' voluntary absence from the courtroom during the trial is unrelated to their guilt or innocence.  Their absence is not evidence in this case and should not enter your thinking be considered as you decide whether each Defendant has been proved guilty of the crimes charged.</u>
My legal rulings are not evidence.  My comments and questions are not evidence.

~~[During the trial, I did not let you hear the answers to some of the questions that the lawyers or parties asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. [I ordered you to disregard things that you saw or heard, or I struck things from the record.]  You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]~~

**(Arguello Standard Instruction)**

**Court's Analysis:**  *The Court does not believe that the bracketed instruction will be necessary due to the lack of any objections as to questions or evidence at trial.*

**INSTRUCTION NO. 6**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL –**
**INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.  Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

**(Arguello Standard Instruction)**

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of ~~Defendants~~ Mr. Brokaw, ~~and/or~~ Mr. Pawelski, and/or Ms. Vigil beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness, ~~including Defendants _____~~ you have heard and must decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

~~[You should weigh the testimony and evaluate the credibility of Defendants _____ in the same way as that of any other witness.]~~
Mr. Brokaw, Mr. Pawelski, and Ms. Vigil did not testify and I remind you that you cannot consider his/her decision not to testify as evidence of guilt.  I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is  a constitutional right in this country.  It is very carefully guarded and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**(Arguello Standard Instruction)**

## INSTRUCTION NO. 8 (IF APPLICABLE)
## VOLUNTARINESS OF STATEMENTS BY DEFENDANTS

Evidence has been presented about statements attributed to ~~Defendants~~ Mr. Brokaw, Mr. Pawelski, and/or Ms. Vigil, alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the respective defendant, and any evidence concerning his or her treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

For purposes of making this determination only, you should apply a preponderance of the evidence standard.  Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

**Government's Non-Stipulated Instruction**

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) §§ 1.25, 1.05.1 (2011 ed.) (instruction 1.25 is modified to include the preponderance of evidence standard from 1.05.1).

**Court's Analysis:**  *Is this instruction necessary based on the evidence submitted at trial?*

## INSTRUCTION NO. 9
### NON-TESTIFYING DEFENDANT

~~Defendants did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand.~~

**(Arguello Standard Instruction)** – Instruction was deleted because this language is incorporated in Instruction 7.

**INSTRUCTION NO. 10**
**"ON OR ABOUT"**

The First Superseding indictment charges that crimes were committed "on or about" certain dates. The Government must prove beyond a reasonable doubt that the Defendants committed each crime reasonably near these dates.

**(Arguello Standard Instruction)**

**INSTRUCTION NO. 11**
**USE OF CONJUNCTIVE – DISJUNCTIVE**

One or more counts of the First Superseding Indictment may accuse ~~Defendants~~ Mr. Brokaw, ~~and/or Mr.~~ Pawelski, and/or ~~Ms.~~ Vigil, of violating the same statute in more than one way.  In other words, the First Superseding Indictment may allege that the statute in question was violated by various acts which are ~~in the First Superseding Indictment~~ joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.  In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.

**(Arguello Standard Instruction)**

**INSTRUCTION NO. 12**
**CAUTION – PUNISHMENT**

If you find any of the ▮efendants guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

**(Arguello Standard Instruction)**

## INSTRUCTION NO. 13

## INDICTMENT

The jury is advised that the First Superseding Indictment, reproduced below, is not evidence. It is a legal document that reflects the formal charges against the Defendants. It is the Government's burden to prove each of these charges beyond a reasonable doubt. (*See* Instruction No. 3 for the definition of reasonable doubt).

The First Superseding Indictment reads in relevant part, as follows:

### COUNT 1

**George Thomas Brokaw, John J. Pawelski, and
Mimi M. Vigil
(18 U.S.C. § 286 – Conspiracy to File False Claims for Refund)**

### A. *Introduction*

1.      Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller, during the time periods charged in this Indictment, were all residents of Colorado Springs, Colorado, within the District of Colorado.

2.      The Internal Revenue Service ("IRS") was and is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States of America.

3.      IRS Forms 1099 are used to report, among other things, interest income and associated withholding to the IRS. "Original Issue Discount" (OID) income is a form of interest income typically realized on debt instruments that were issued at a discount or purchased for less than the ultimate redemption value of the debt instrument.

### B. The Conspiracy

4.      Beginning in or about October 2008, and continuing until in or about May of 2009, the exact dates being unknown to the Grand Jury, in the State and District of

Colorado, defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and

Clara M. Mueller, and others known and unknown to the Grand Jury, agreed, combined,

and conspired with each other to defraud the United States by attempting to obtain and

aiding in attempts to obtain the payment and allowance of false, fictitious and fraudulent

claims on behalf of themselves and others by submitting false claims for income tax

refund to the United States Department of Treasury through the Internal Revenue

Service.

### C.  Manner and Means of the Conspiracy

5.      The conspiracy was accomplished, in part, through the following manner

and means:

6.      Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and

Clara M. Mueller, filed or caused to be filed false, fictitious and fraudulent Form 1040 tax

returns containing false claims for refunds in their names, including the following

returns:

| Defendant | Date Filed | Tax Year | Refund Claimed |
|-----------|-----------|----------|----------------|
| Pawelski | 10/23/08 | 2004 | $40,598.92 |
| Pawelski | 10/23/08 | 2005 | $5,797,182.70 |
| Pawelski | 10/23/08 | 2006 | $9,189,983.58 |
| Pawelski | 10/23/08 | 2007 | $7,933,781.70 |
| Vigil | 12/10/08 | 2005 | $372,169 |
| Mueller | 1/6/09 | 2005 | $382,530 |
| Brokaw | 5/1/09 | 2003 | $68,063 |
| Brokaw | 5/1/09 | 2004 | $55,185 |
| Brokaw | 5/1/09 | 2005 | $48,131 |

| Brokaw | 5/1/09 | 2006 | $71,858 |
| Brokaw | 5/1/09 | 2007 | $52,374 |
| Brokaw | 5/1/09 | 2008 | $62,607 |

7.      In connection with these false tax returns, Brokaw, Pawelski, Vigil, and Mueller submitted or caused to be submitted false Forms 1099-OID.  These Forms 1099-OID falsely reported that financial institutions, lenders, or other entities had withheld and paid over to the IRS interest income from accounts which did not generate such interest income and from which no such withholdings were made, including mortgages, credit card accounts, and checking accounts.  The returns claimed false refunds based on these false claims of withholdings.

8.      Various defendants worked together, and/or with unindicted co-conspirator C.M., in the filing of these false tax returns.  For example:

A.  On or about February 25, 2009, Brokaw submitted to the IRS false hand-written Forms 1099-OID claiming false OID income for the years 2003-2008. Mueller mailed these forms to the IRS for Brokaw.

B.  On or about May 1, 2009, Brokaw submitted to the IRS false Form 1040 tax returns and Forms 1099-OID claiming false OID income for the years 2003-2008.  Vigil signed an "Affidavit of Notary Presentment" certifying that Brokaw appeared before her on May 1, 2009, with the false tax returns and Forms 1099-OID for the years 2003-2008, and that she mailed these false claims to the IRS for Brokaw.

C.  On or about May 15, 2009, Vigil submitted to the IRS a 2005 Form 1040 tax return that claimed false 1099-OID income.  Mueller certified that she mailed to the IRS Vigil's 2005 Form 1040 tax return.  Mueller also notarized Vigil's signature on a

document entitled "Power of Attorney" that was submitted with Vigil's 2005 Form 1040 tax return.

D.  On March 24, 2010, Brokaw hand-delivered to the IRS a number of documents, including Brokaw's 2007 Joint Form 1040 return that claimed false 1099 OID income. Pawelski signed a Certification of Delivery as a witness to the fact that Brokaw hand-delivered these documents to the IRS, and Vigil signed the same Certification of Delivery as a notary verifying that Brokaw hand-delivered these documents to the IRS.

9.      Brokaw, Pawelski, Vigil, Mueller, and C.M. and others communicated between themselves via email about using these Form 1099-OIDs to avoid their tax responsibilities and to obtain fraudulent tax refunds.

All in violation of Title 18, United States Code, Section 286.

## COUNTS 2 – 7

### George Thomas Brokaw
### (18 U.S.C. § 287 – False Claim for Refund)

10.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

11.     On or about May 1, 2009, in the State and District of Colorado, Defendant George Thomas Brokaw, made and presented to the United States claims for payment of fraudulent tax refunds in the amounts enumerated for each count listed below with the knowledge that such claims were false, fictitious, and fraudulent.  Brokaw made the false claims by mailing and causing to be mailed joint U.S. Individual Income Tax Return, Forms 1040 with attached fictitious Forms 1099-OID, for the years and amounts listed below to the United States Department of the Treasury through the Internal Revenue Service.

| Count | Date Filed | Tax Year | Refund Claimed |
|-------|-----------|----------|----------------|
| 2 | 05/01/09 | 2003 | $68,063 |
| 3 | 05/01/09 | 2004 | $55,185 |
| 4 | 05/01/09 | 2005 | $48,131 |
| 5 | 05/01/09 | 2006 | $71,858 |
| 6 | 05/01/09 | 2007 | $52,374 |
| 7 | 05/01/09 | 2008 | $62,607 |

All in violation of Title 18, United States Code, Section 287.

## COUNTS 8-11

### John J. Pawelski
### (18 U.S.C. § 287 – False Claim for Refund)

12.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

13.     On or about October 23, 2008, in the State and District of Colorado, Defendant John J. Pawelski, made and presented to the United States claims for payment of fraudulent tax refunds in the amounts enumerated for each count listed below with the knowledge that such claims were false, fictitious, and fraudulent. Pawelski made the false claims by mailing and causing to be mailed U.S. Individual Income Tax Return, Forms 1040, for the years and amounts listed below to the United States Department of the Treasury through the Internal Revenue Service.  Between October 15, 2008, and April 15, 2009, in support of these false claims, Pawelski mailed and caused to be mailed separately fictitious Forms 1099-OID for years 2004, 2005 and 2006.

| Count | Date Filed | Tax Year | Refund Claimed |
|-------|-----------|----------|----------------|
| 8 | 10/23/08 | 2004 | $40,598.92 |

| 9  | 10/23/08 | 2005 | $5,797,182.70 |
|----|----------|------|---------------|
| 10 | 10/23/08 | 2006 | $9,189,983.58 |
| 11 | 10/23/08 | 2007 | $7,933,781.70 |

All in violation of Title 18, United States Code, Section 287.

## COUNT 12

**Mimi M. Vigil**
**(18 U.S.C. § 287 – False Claim for Refund)**

14.     The Grand Jury realleges and incorporates paragraphs 1-3 herein.

15.     On or about December 10, 2008, in the State and District of Colorado,

Defendant Mimi M. Vigil, made and presented to the United States a claim for payment

of a fraudulent tax refund in the amount of **$372,169** with the knowledge that such claim

was false, fictitious, and fraudulent.  Vigil made the false claim by mailing and causing

to be mailed a 2005 U.S. Individual Income Tax Return, Form 1040, to the United

States Department of the Treasury through the Internal Revenue Service.

All in violation of Title 18, United States Code, Section 287.

## COUNT 14

**George Thomas Brokaw, John J. Pawelski, and**
**Mimi M. Vigil**
**(18 U.S.C. § 371 – Conspiracy to**
**Corruptly Endeavor to Obstruct or Impede the Due**
**Administration of the Internal Revenue Laws)**

### A.  The Conspiracy

18.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

19.     From on or about sometime in March 2008, and continuing through on or about sometime in April 2012, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller did unlawfully, voluntarily, intentionally, knowingly and willfully conspire, combine, confederate, and agree together with each other and other individuals both known and unknown to the Grand Jury to corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS by them and others and to reduce their tax liability and the tax liability of others to the IRS, all in violation of Title 26, United States Code, Section 7212(a).

## B. Manner and Means of the Conspiracy

20.     The conspiracy was accomplished, in part, through the following manner and means:

21.     Defendants George Thomas Brokaw, John J. Pawelski, Mimi M. Vigil, and Clara M. Mueller submitted and caused to be filed or submitted to the IRS a variety of false, fraudulent, or illegitimate documents which purported to constitute payments of taxes owed to the IRS.  These documents included "Private Registered Bonds for Setoff," "Private Registered Indemnity Bonds," "Registered Private Offset and Discharge Bonds," and "Registered Bonded Promissory Notes."  The defendants also used other similar documents for this purpose, including IRS documents on which they added handwritten text such as "money order" or "accepted for value," as well as purported electronic funds transfer (EFT) instruments drawn on closed bank accounts.

22.     Defendants George Thomas Brokaw, John J. Pawelski,

Mimi M. Vigil, and Clara M. Mueller filed, submitted, and caused to be filed or submitted a variety of false and fraudulent liens or other documents which falsely claimed that IRS employees, who were engaged in legitimate tax collection efforts against one or more of the defendants, owed one or more of the defendants amounts of money ranging from tens of millions of dollars to billions of dollars.

### C. Overt Acts of the Conspiracy

23.     In furtherance of the conspiracy, defendants Brokaw, Pawelski, Vigil and Mueller acted interdependently and committed one or more overt acts, including but not limited to the following:

24.     On or about March 25, 2008, in an attempt to thwart legitimate tax collection attempts, Pawelski submitted or caused to be submitted to the IRS a packet of documents, including a 2004 U.S. Nonresident Alien Income Tax Return, along with copies of notices of federal tax liens filed against him on which he had hand-written "accepted for value." Pawelski also claimed that he earned no income on this tax return. Vigil certified that she mailed this packet of documents to the IRS on March 25, 2008.

25.     On or about April 1, 2009, in an attempt to reduce his tax liability, Brokaw signed and submitted or caused to be submitted to the Department of the Treasury a document entitled "Private Registered Bond for Setoff," dated March 12, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Pawelski signed this document as a surety and Mueller signed as a witness.  Vigil certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Brokaw.

26.     On or about April 1, 2009, in an attempt to reduce his tax liability, Pawelski signed and submitted or caused to be submitted to the Department of the Treasury a

document entitled "Private Registered Bond for Setoff," dated March 12, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Brokaw signed this document as a surety.  Vigil certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Pawelski.

27.     On or about April 10, 2009, in an attempt to reduce her tax liability, Vigil signed and submitted or caused to be submitted to the Department of the Treasury a document entitled "Private Registered Bond for Setoff," dated April 2, 2009, payable to the Department of Treasury, in the amount of $100 Billion.  Brokaw and Pawelski signed this document as sureties.  Mueller certified that she mailed this document, among others, to Timothy Geithner, Secretary of the Treasury, for Vigil.

28.     On or about April 20, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be submitted to Timothy Geithner, Secretary of the Treasury, a document entitled "Private Registered Indemnity Bond," in the amount of $300 Million.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document to Geithner for Vigil.

29.     On or about June 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be submitted to Timothy Geithner, Secretary of the Treasury, a document entitled "Registered Private Offset and Discharge Bond" in the amount of $300 Million.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document to Geithner for Vigil.

30.     On or about June 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil signed and submitted or caused to be

submitted to Eric Thorson, United States Treasury, Inspector General, a document entitled "Private Registered Bond for Setoff," dated April 2, 2009, in the amount of $100 Billion.  Brokaw and Pawelski signed this document as sureties and Mueller certified mailing this document, and others, to Thorson for Vigil.

31.     On or about November 16, 2009, in order to thwart legitimate tax collection attempts and to reduce the tax liability of W.R., Brokaw and Pawelski signed as sureties on a "Private Registered Bond for Setoff" in the amount of $100 Billion submitted to the Department of the Treasury by W.R. in purported settlement of the tax debt of W.R.

32.     On or about December 2, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Vigil submitted or caused to be submitted a packet of documents including a $62,435.95 "Registered Bonded Promissory Note" to IRS Revenue Officer T.P. and an IRS Form 56 appointing Timothy Geithner, Secretary of the Treasury, as her fiduciary.  Mueller certified that she mailed these documents to the IRS for Vigil.

33.     On or about December 7, 2009, in an attempt to thwart legitimate tax collection attempts and to reduce N.B.'s tax liability, Pawelski submitted or caused to be submitted a packet of documents including a "Registered Bonded Promissory Note" for $767,551.15 and an IRS Form 56 naming Timothy Geithner, Secretary of the Treasurer, as Pawelski's fiduciary to the personal residence of IRS Revenue Officer G.W. to settle the tax liability of N.B.  Vigil certified mailing these documents for Pawelski to G.W.'s personal residence.

34.     On or about February 5, 2010, in an attempt to thwart legitimate tax collection attempts, Brokaw signed and submitted or caused to be submitted to IRS

employee M.G. a "Final Notice of Default and Demand for Payment" in the amount of $72,000,000 based on M.G.'s alleged libel of Brokaw.  Mueller certified that she mailed the Notice of Default for Brokaw and notarized Brokaw's signature on it.

35.     On or about March 24, 2010, in an attempt to thwart legitimate tax collection attempts, Brokaw, accompanied by Pawelski and Vigil, hand-delivered to the IRS copies of Notices and Maritime liens against IRS employees M.P. and M.G.  The lien against M.P. claimed damages, interest, penalties and fees in the amount of $1,126,650,000.  The lien against M.G. claimed damages, interest, penalties and fees in the amount of $2,232,000,000.  Mueller notarized Brokaw's signatures on these liens.

36.     Between on or about May 2, 2011, and May 16, 2011, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Brokaw submitted or caused to be submitted a packet of documents to the IRS: 11 IRS payment vouchers addressed to him stating the amounts he owed to the IRS, and one life insurance policy statement.  Brokaw wrote over each of these documents, labeling them as "Money Orders" payable to the IRS to be credited to his tax liability.  Mueller notarized Brokaw's signature on the letter Brokaw submitted with these documents.

37.     On or about January 13, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Pawelski submitted a letter to the IRS claiming that his tax debts had been discharged by an enclosed, purported EFT instrument dated December 5, 2011, in the amount of $132,000 drawn on a closed bank account.

38.     On or about February 24, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce her tax liability, Mueller submitted a letter to the IRS claiming that her tax debts had been discharged by an enclosed, purported EFT

instrument dated February 24, 2012, in the amount of $16,489.25 drawn on a closed bank account.

39.     On or about March 13, 2012, in an attempt to thwart legitimate tax collection attempts and to reduce his tax liability, Brokaw mailed or caused to be mailed a letter to the IRS in which he referenced and enclosed earlier filings with the IRS and claimed that his tax debts had been discharged by an enclosed, purported EFT instrument dated November 20, 2011, in the amount of $522,692.48.  This EFT instrument was drawn on a closed bank account.

40.     On or about April 26, 2012, in an attempt to thwart legitimate tax collection attempts and to satisfy a civil tax judgment against C.L., Brokaw signed and submitted or caused to be submitted to the United States District Court for the District of Colorado a purported EFT instrument dated April 26, 2012, in the amount of $5,978,973.  This EFT instrument was drawn on a closed bank account.

All in violation of Title 18, United States Code, Section 371.

### COUNT 15

**George Thomas Brokaw**
**(26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws)**

41.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

42.     Beginning on or about April 1, 2009, and continuing through on or about April 26, 2012, in the State and District of Colorado, Defendant George Thomas Brokaw did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS

by him and others and to reduce his tax liability and the tax liability of others to the IRS,

by the following means, among others:

43.     Brokaw committed the acts described in paragraphs 25, 26, 27, 28, 29,

30, 31, 34, 35, 36, 39, and 40, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## COUNT 16

### John J. Pawelski
### (26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws)

44.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

45.     Beginning on or about March 25, 2008, and continuing through on or

about January 13, 2012, in the State and District of Colorado, Defendant John J.

Pawelski did corruptly endeavor to obstruct and impede the due administration of the

Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to

the IRS by him and others and to reduce his tax liability and the tax liability of others to

the IRS, by the following means, among others:

46.     Pawelski committed the acts described in paragraphs 24, 25, 26, 27, 28,

29, 30, 31, 33, 35, and 37, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## COUNT 17

### Mimi M. Vigil
### (26 U.S.C. § 7212(a) -- Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue Laws)

47.     The Grand Jury realleges and incorporates paragraphs 1-2 herein.

48.     Beginning on or about March 25, 2008, and continuing through on or about March 24, 2010, in the State and District of Colorado, Defendant Mimi M. Vigil did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by attempting to thwart the legitimate collection of taxes owed to the IRS by her and others and to reduce her tax liability and the tax liability of others to the IRS, by the following means, among others:

49.     Vigil committed the acts described in paragraphs 24, 25, 26, 27, 28, 29, 30, 32, 33, and 35, which are realleged and incorporated here.

All in violation of 26 U.S.C. § 7212(a).

## INSTRUCTION NO. 14
## COUNT 1 – CONSPIRACY TO DEFRAUD THE UNITED STATES

Each Defendant is charged in Count 1 with a violation of 18 U.S.C. Section 286.

This law makes it a crime to conspire to defraud the United States by obtaining the payment or allowance of any false, fictitious, or fraudulent claim.

To find thea Defendant ~~whose case you are considering~~ guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

*First*: The Defendant agreed with at least one other person to obtain or aid in obtaining the payment or allowance of any false, fictitious, or fraudulent claim;

*Second*: One of the conspirators engaged in at least one overt act furthering the conspiracy's objective, as described in paragraphs 5-9 of the First Superseding Indictment;

████: The Defendant knew the essential objective of the conspiracy;

████: The Defendant knowingly and voluntarily participated; and

*Fifth*: There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**Government's Non-Stipulated Instruction**; edited

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 2.19 (2011 ed.) (modified for multiple defendants and to incorporate the language of 18 U.S.C. § 286).

**Court's Analysis:** *The Court added language indicating that the Government must prove that a conspirator engaged in an overt act. In its Proposed Non-Stipulated Instructions, the Government removed this requirement from the Tenth Circuit's Pattern Instruction, pursuant to United States v. Saybolt, 577 F.3d 195, 202 (3d Cir. 2009) (holding that § 286 has no overt act requirement); United States v. Dedman, 527 F.3d 577, 594 n.7 (6th Cir. 2008) (same). However, there is no Tenth Circuit authority on this matter, and the Eleventh and Fifth Circuits require an overt act. United States v. Gupta, 463 F.3d 1182, 1194 (11th Cir. 2006); United States v. Obi, 20 f.3d 466, at *1 (5th Cir. 1994). In trial, the Government has presented evidence of overt acts in support of this conspiracy. However, it bears mention that the First Superseding Indictment does not explicitly outline "overt acts" in paragraphs 5-9 (in contrast to paragraphs 23-40; compare instruction no.17). Additionally, "overt act" might be an obscure term for a*

*layperson.  2 Fed. Jury Prac. & Instr. § 31:07 (6th ed.) defines the term "overt act" as "some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement."*

**INSTRUCTION NO. 15**
**COUNTS 2-12 – FALSE CLAIMS AGAINST THE GOVERNMENT**

Each Defendant is separately charged with one or more violations of 18 U.S.C. Section 287. Defendant Brokaw is charged with this crime in Counts 2-7, Defendant Pawelski is charged with this crime in Counts 8-11, and Defendant Vigil is charged with this crime in Count 12.

Section 287 makes it a crime to knowingly make a false or fraudulent claim against any department or agency of the United States. The Internal Revenue Service of the Department of the Treasury is a department or agency of the United States within the meaning of that law.

To find ~~the~~a Defendant ~~whose case you are considering~~ guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

*First*:  The Defendant knowingly made and presented to the Internal Revenue Service a false or fraudulent claim against the United States; and

*Second*:  The Defendant knew that the claim was false or fraudulent.

It is not necessary to show that the government agency or department was in fact deceived or misled.

To make a claim, the Defendant need not directly submit the claim to an employee or agency or department of the United States. It is sufficient if the Defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or from a department or agency thereof.

**Government's Non-Stipulated Instruction**

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 2.18 (2011 ed.) (modified for multiple defendants).

**INSTRUCTION NO. 16**
**COUNT 14 – CONSPIRACY TO CORRUPTLY ENDEAVOR TO OBSTRUCT AND**
**IMPEDE THE DUE ADMINISTRATION OF THE INTERNAL REVENUE LAWS**

Each Defendant is charged in Count 14 with a violation of 18 U.S.C. Section 371.

This law makes it a crime to conspire to commit an offense against the United States.  In this count, the offense which is the object of the alleged conspiracy is to corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. Section 7212(a).

To find ~~the a~~ Defendant ~~whose case you are considering~~ guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

*First*:  The Defendant agreed with at least one other person to violate the law;

*Second*:  One of the conspirators engaged in at least one overt act furthering the conspiracy's objective, as described in paragraphs 23-40 of the First Superseding Indictment~~, furthering the conspiracy's objective~~;

*Third*:  The Defendant knew the essential objective of the conspiracy;

*Fourth*:  The Defendant knowingly and voluntarily participated; and

*Fifth*:   There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**Government's Non-Stipulated Instruction**; edited

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 2.19 (2011 ed.) (modified for multiple defendants).
**Court's Analysis:** *Although the Tenth Circuit's Pattern Instructions do not define "overt act," the jury may require further assistance defining what may be an obscure term for laypeople.  For example, 2 Fed. Jury Prac. & Instr. § 31:07 (6th ed.) defines the term "overt act" as "some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement."*

## INSTRUCTION NO. 17

## UNANIMITY OF THEORY

Your verdict must be unanimous.  One of the elements of the conspiracy charged in Count 1 is that at least one of the conspirators engaged in at least one overt act furthering the conspiracy's objective, as described in paragraphs 5-9 of the First Superseding Indictment.  Likewise, one of the elements of the conspiracy charged in Count 14 is that at least one of the conspirators engaged in at least one overt act furthering the conspiracy's objective, as described in paragraphs 23-40 of the First Superseding Indictment, furthering the conspiracy's objective.

The government does not have to prove all of these different acts for you to return a guilty verdict on Count 1 or Count 14.

But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, were committed by one of the conspirators, and that one of the conspirators committed at least one of the overt acts listed in paragraphs 5-9 (to find the Defendant guilty of the conspiracy charged in Count 1) or paragraphs 23-40 (to find the Defendant guilty of the Conspiracy charged in Count 14).

**Government's Non-Stipulated Instruction**; edited

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 1.24 (2011 ed.)

**Court's Analysis:** *The Court added language regarding the overt act requirement, per the modification in Jury Instruction No. __.  Additionally, the Court added language from the Tenth Circuit's Pattern Instruction to inform the jury that they must find that a conspirator did, in fact, engage in at least one overt act in furtherance of each conspiracy (i.e., if they wish to convict on both conspiracies).  Due to the Pattern Instruction's "if any" language, the Government's Proposed Instruction implied that the jury need not find that an overt act was actually committed to return a guilty verdict.*

**INSTRUCTION NO. 18**
## COUNTS 15-17 - CORRUPTLY ENDEAVORING TO OBSTRUCT OR IMPEDE DUE ADMINISTRATION OF THE INTERNAL REVENUE LAWS

Each Defendant is separately charged with a violation of 26 U.S.C. Section 7212(a). Defendant Brokaw is charged with this crime in Count 15, Defendant Pawelski is charged with this crime in Count 16, and Defendant Vigil is charged with this crime in Count 17.

Section 7212(a) makes it a crime for anyone to corruptly endeavor to obstruct or impede the due administration of the Internal Revenue laws.

In order for you to find ~~the~~ a defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

*First:* The ▮efendant ~~in any way~~ corruptly;

*Second:* Endeavored to;

*Third:* Obstruct or impede the due administration of the internal revenue laws.

"Endeavor" means to act knowingly and intentionally ~~make any effort which has a reasonable tendency~~ to bring about ~~the~~ a desired result. It is not necessary for the Government to prove that the "endeavor" was successful, only that the defendant tried to achieve it in a manner which the defendant knew was likely to obstruct or impede the due administration of the internal revenue laws as a natural and probable effect of defendant's actions.

To act "corruptly" is to act with the intent to ~~gain~~ obtain an unlawful advantage or benefit either for oneself or for another.

To "obstruct or impede" is to hinder or prevent from progress; to slow or stop progress; or to make accomplishment difficult and slow.

The "due administration of the internal revenue laws" ~~means the~~ includes the Internal Revenue Service ~~of the Department of the Treasury carrying out its~~ lawful functions to ascertain income▮ compute, assess, and collect income taxes▮ audit tax returns and records▮ and investigate possible criminal violations of the internal revenue laws.

**Government's Non-Stipulated Instruction**; edited

**Authority:** Tenth Circuit Pattern Jury Instructions (Criminal Cases) §§ 2.19; 2.62 (2011 ed.) (modified for § 7212(a) and consistency); *United States v. Winchell*, 129 F.3d 1093,

1098-99 (10th Cir. 1997); Seventh Circuit Pattern Jury Instructions, Criminal, 26 U.S.C. § 7212 (2013 ed.).

**Court's Analysis:**  *The Court substituted "obtain" for "gain" in the definition of "to act corruptly," because "obtain" is (1) more comprehensible to a layperson than "secure" (the actual word in the statute), (2) a closer synonym to "secure" than "gain," and (3) used in the Seventh Circuit's Pattern Instructions.  Additionally, the definition of "due administration of the revenue laws" was edited for clarity and now mirrors the Seventh Circuit's pattern instructions.*

**INSTRUCTION NO. 19**

**"KNOWINGLY" – DEFINED**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

**Government's Non-Stipulated Instruction**

**Authority**: Tenth Circuit Pattern Jury Instructions (Criminal Cases) § 1.37 (2011 ed.)

## INSTRUCTION NO. 20

### DUTY TO DELIBERATE – FOREPERSON AND VERDICT FORM

After the closing arguments, the Court Security Officer will escort you to the jury room and will give you the original jury instructions and the original verdict form.  Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you.  The original of the jury instructions and the exhibits are a part of the Court record.  Do not place any marks or notes on them.  Your copy of the instructions may be marked or used in any way you see fit.  In order to keep your copies of the instructions separate from the originals, I ask you to place your initials in the upper right hand corner of the front page of the instructions that you have before you.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Verdict Form has been prepared to help guide you through your deliberations. To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the First Superseding Indictment.  Your deliberations will be secret. You will never have to explain your verdict to anyone.  Your foreperson will write the unanimous answer of the jury in the space provided for each count of the First Superseding Indictment, either guilty or not guilty.  This is the only verdict form that you will receive, so please do not write on the original verdict form or indicate your answer to any questions on the original verdict form until you have all agreed on the answer.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, iPad, tablet, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This is an important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Defendants Brokaw, Pawelski, and Vigil are presumed innocent, and that the Government, not ~~Defendants~~ Mr. Brokaw, Mr. Pawelski, and Ms. Vigil, has the burden of proof and it must prove they are ~~Defendants Brokaw, Pawelski, and Vigil~~ guilty beyond a reasonable doubt.  ~~As judges of the facts, you must decide whether the Government has proved Defendants Brokaw, Pawelski, and Vigil's guilt beyond a reasonable doubt.~~

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  Those of you who believe that the Government has proved ~~Defendants~~ Mr. Brokaw, and/or Mr. Pawelski, and/or Ms. Vigil guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough.  Those of you who believe that the Government has not proved ~~Defendants~~ Mr. Brokaw, and/or Mr. Pawelski, and/or Ms. Vigil guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he/she must sign and date the original verdict form.  The foreperson should then advise the court security officer that you have reached a verdict, but do not tell the court security officer what your verdict is.  The court security officer will then inform me that you have reached a verdict.  The foreperson should remain in possession of the original verdict form until you return to the courtroom and I request that it be given to me.

**(Arguello Standard Instruction)**

## INSTRUCTION NO. 21

## COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the ▮ourt ▮ecurity ▮fficer.  Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify the attorneys and bring them back to the court.  I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

**(Arguello Standard Instruction)**