**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-00392-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. GEORGE THOMAS BROKAW,**
**2. JOHN J. PAWELSKI, and**
**3. MIMI M. VIGIL,**

**Defendants.**

---

**REPORTER'S TRANSCRIPT**
**(Jury Trial - Day 5)**

---

Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 9:59 a.m. on the 7th day of November, 2014, Alfred A. Arraj United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
MATTHEW T. KIRSCH and MARTHA A. PALUCH, U.S. Attorney's Office - Denver, 1225 17th St., Suite 700, Denver, CO 80202

**FOR DEFENDANT BROKAW:**
Pro Se.
**FOR DEFENDANT PAWELSKI:**
Pro Se.
**FOR DEFENDANT VIGIL:**
Pro Se.

**NOVEMBER 7, 2014**

(Proceedings commence at 9:59 a.m.)

(The following is had in open court, outside the hearing and presence of the jury.)

THE COURT: You may be seated.

All right. The Court has been informed by a note from the jury that they have reached a verdict.

Ms. Hartmann, would you please bring the jury in.

Do the defendants not intend to sit at the table?

DEFENDANT PAWELSKI: I would rather sit here.

THE COURT: All right.

(The following is had in open court, in the hearing and presence of the jury.)

THE COURT: All right. You may be seated.

I have been informed by a note from the jury that it has reached a verdict in this case. Would the jury foreperson please stand.

All right. Sir, has the jury reached unanimous verdicts concerning all changes against each of the defendants in this case?

JURY FORPERSON: Yes.

THE COURT: Have you signed the verdict form?

JURY FOREPERSON: Yes.

THE COURT: All right. Would you please hand the verdict form to one of the Court Security Officers here.

Thank you. You may be seated.

All right. I will now read the verdict.

Verdict Form Count 1: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 1 of the First Superseding Indictment.

We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 1 of the First Superseding Indictment.

We the jury unanimously find the defendant, Mimi M. Vigil, guilty of the charge to Count 1 of the First Superseding Indictment.

Count 2: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 2 of the First Superseding Indictment.

Count 3: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 3 of the First Superseding Indictment.

Count 4: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 4 of the First Superseding Indictment.

Count 5: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 5 of the First Superseding Indictment.

Count 6: We are jury unanimous find defendant, George Thomas Brokaw, guilty of the charge in Count 6 of

the First Superseding Indictment.

Count 7: We the jury unanimous find the defendant, George Thomas Brokaw, guilty of the charge in Count 7 of the First Superseding Indictment.

Count 8: We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 8 of the First Superseding Indictment.

Count 9: We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 9 of the First Superseding Indictment.

Count 10: We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 10 of the First Superseding Indictment.

Count 11: We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 11 of the First Superseding Indictment.

Count 12: We the jury unanimously find the defendant, Mimi M. Vigil, guilty of the charge in Count 12 of the First Superseding Indictment.

Count 14: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 14 of the First Superseding Indictment.

We the jury unanimously find the defendant, John J. Pawelski, guilty of the charge in Count 14 of the First Superseding Indictment.

We the jury unanimously find the defendant, Mimi M. Vigil, guilty of the charge in Count 14 of the First Superseding Indictment.

Count 15: We the jury unanimously find the defendant, George Thomas Brokaw, guilty of the charge in Count 15 of the First Superseding Indictment.

Count 16: We the jury unanimously find the defendant, John J. Pawelski, guilty of the count charged in Count 16 of the First Superseding Indictment.

Count 17: We the jury unanimously find the defendant, Mimi M. Vigil, guilty of the charge in Count 17 of the First Superseding Indictment.

Do the defendants or the Government wish the Court to poll the jurors individually to verify and confirm the validity and unanimity of the verdict?

MR. KIRSCH: We would ask for the Court to do that, please, Your Honor.

THE COURT: All right. I will just call you by the number and then seat name.

Juror No. 463, Seat No. 1, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror 488, in Seat No. 2, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror 895, in Seat No. 3, is this your

verdict?

JUROR: Yes.

THE COURT: Juror 124, in Seat No. 4, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror No. 433, in Seat No. 6, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror No. 432, in Seat No. 7, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror 882, in Seat No. 9, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror No. 889, in Seat No. 10, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror No. 367, in Seat 11, is this your verdict?

JUROR: Yes, it is.

THE COURT: Juror No. 152, in Seat No. 12, is this your verdict?

JUROR: Yes.

THE COURT: Juror No. 107, in Seat No. 13, is this your verdict?

JUROR: Yes.

THE COURT: Juror No. 418, in Seat No. 14, is this your verdict?

JUROR: Yes, it is.

THE COURT: All right. Thank you very much, ladies and gentlemen. You have now concluded your duties as jurors in this case, and it is with the thanks of the Court and of the parties. The question usually arises now whether you can talk about this case, and the answer is you can talk to anybody you wish to about this case now, but you don't have to talk to anybody about this case.

The parties or representatives of the parties are not allowed to contact you. So if you get a contact from them and you do not wish to speak with them, you just need to tell them that if they continue to bother you, then you need to let the Court know, and I will take care of that.

If you wish to talk to them, that is totally within your decision. If they contact you, that would be in violation of my order because they can't contact you.

If anybody does persist in attempting to talking to you about this case over your objection, then just let me know and I will handle that, as well.

I thank you very much for your service. And I do need to take care of some preliminary matters with the parties, but I do like to thank you personally. So if you

are not in a rush, I would ask if you could wait about 5 minutes, and I will be back to thank you personally, and also that is the opportunity -- we made you sit here and not ask any questions. If you have any questions of me that I can answer -- some questions I will not be able to -- I will be more than glad to take your questions at that time.

So thank you very much, ladies and gentlemen. The jury is excused.

(The following is had in open court, outside the hearing and presence of the jury.)

THE COURT: All right. At this time the defendants are referred to the probation department for a presentence investigation report.

Will the probation officer who is present please identify himself for the record.

PROBATION OFFICER: Darren Streich. Good morning, Your Honor.

THE COURT: Good morning. Officer Streich, will you be the officer conducting this investigation?

PROBATION OFFICER: It is uncertain at this point. They have not been assigned, Your Honor.

THE COURT: So we will then put it into your hands, and I will allow the probation officer to determine who will conduct this investigation.

They are to conduct a presentence investigation and submit a presentence report as required by Federal Rule of Criminal Procedure 32.

Ms. Hartmann, do we have some dates for sentencing?

COURTROOM DEPUTY: How long will we need for sentencing, Your Honor?

THE COURT: I think probably the usual 12 weeks would be sufficient; is that correct, Officer Streich, or with three defendants do we need more time?

PROBATION OFFICER: 12 weeks.

THE COURT: So 12 weeks is what we are normally setting at.

COURTROOM DEPUTY: Then looking at the end January, Your Honor. We have an opening in the afternoon on January 25th at 3:30.

THE COURT: All right. So sentencing in this matter will be set for January 25th at 3:30 p.m.

MR. KIRSCH: Can I ask which day that is, Your Honor?

COURTROOM DEPUTY: It is a Wednesday.

MR. KIRSCH: Thank you, Your Honor. That would be fine.

THE COURT: All right. The defendants are ordered to appear on that date and time with without further order or notice of this Court.

If there are any sentencing positions, including motions for variant sentence, those must be filed at least 14 days before the sentencing date. Any responses or objections to those must be filed at least 7 days before that sentencing date. Any post-trial motions are to be submitted in accordance with the Federal Rules of Criminal Procedure.

And, Mr. Kirsch, what is the Government's position with respect to whether the defendants should be allowed to remain free pending trial on their bonds or remanded?

MR. KIRSCH: Your Honor, we are requesting remand based on the presumption in Section 3143(a), based on the defendants' demonstrated lack of acknowledgment of the Court's authority and the Court's jurisdiction over the course of the proceedings, and also based upon the fact that when one of the prior associates of at least two of the defendants; Mr. Brokaw and Mr. Pawelski, the person I am referring to is Ronald Hoodenpyle, Mr. Hoodenpyle was ordered to surrender for service of sentence in his original case, he did not do that, and had, instead, absconded.

At the time he was arrested, he was arrested at a cabin near Grand Lake, Colorado, and Mr. Brokaw and Mr. Pawelski were both present with Mr. Hoodenpyle at that time while he was a fugitive. Mr. Hoodenpyle, the Court

may notice, was also listed as a witness or surety on some of the documents which we introduced during this trial.

Based on all of those factors, we are asking for remand of all three defendants.

THE COURT: All right. Mr. Pawelski?

DEFENDANT PAWELSKI: Ma'am, I take exception to that. Mr. Hoodenpyle was at that cabin, and he had told us he was bonded out. We did not know that he was a fugitive, otherwise we would have called the authorities.

I am not planning on going anywhere. Mr. Brokaw, Ms. Vigil are not planning to go anywhere. We have roots in this community. We have been here a long time. I have a lovely, lovely woman I am planning on marrying, and I believe that the future with the appeals court, that I have already put the writ of mandamus in which you have, and the upcoming Supreme Court suit will resolve this issue.

I would be -- I would be unable to provide you with that information should I be in some type of custody. I will guarantee you that I will not leave. I have not done anything within this court procedure that you and I have not agreed to. And I will continue holding that word to myself and you.

THE COURT: All right.

DEFENDANT PAWELSKI: Thank you.

THE COURT: Mr. Brokaw?

DEFENDANT BROKAW: Yes, our appearance at all of the required times here, this procedure has been going on for over a year now. We have not attempted to violate any rules of probation or anything up to this point, and there is no way I am going to try to abscond anywhere. I have roots in the community. I volunteer. I have church connections. I have family. And there is absolutely no flight risk. There is no reason to think we won't be here at any appointed time.

THE COURT: All right. Ms. Vigil, do you wish to make any statement?

DEFENDANT VIGIL: Yes. At this point and in the past I have not done anything with probation. I have followed everything that has been asked of me. I have been here. I have no reason to leave the state, the city, or the country or anything. I will be here on the 25th.

THE COURT: All right. Well, Title 18 United States Code Section 3143 does provide that the Court shall order that a person who has been found guilty of an offense and who was awaiting imposition of a sentence be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b-c).

I am not concerned about any danger to the safety of any person, but I do have some concerns about the likelihood that they would flee or not appear in court, considering that they have refused to recognize the jurisdiction of this Court, and the fact that they may be facing -- most likely will be facing a sentence of imprisonment.

The bond conditions as they now stand, the Court does not believe reasonably assures that they will not flee. I believe that a new detention hearing by the duty magistrate judge, who is Magistrate Tafoya, should be conducted in order to comply with 18 United States Code Section 3142. And, in this regard, I earlier informed Magistrate Judge Tafoya that depending upon the jury's verdict, if there was a verdict of guilt, that she needed to be prepared to conduct a detention hearing for all three defendants.

So she is awaiting them to come down. The Court does remand the defendants to the custody of the U.S. Marshals and request that the Marshals deliver the defendants to Magistrate Judge Tafoya's courtroom for those detention hearings.

Anything further?

MR. KIRSCH: Your Honor. Can we just confirm the date. We heard the 25th of January.

COURTROOM DEPUTY: It is the 28th of January at 3:30.

THE COURT: The 28th.

COURTROOM DEPUTY: So the 28th that the defendants are to appear. So at this point I will remand the defendants to the custody of the U.S. Marshal to be taken down to the magistrate.

Court will be in recess.

(Proceedings conclude at 10:15 a.m.)

**R E P O R T E R ' S C E R T I F I C A T E**

I, Darlene M. Martinez, Official Certified Shorthand Reporter for the United States District Court, District of Colorado, do hereby certify that the foregoing is a true and accurate transcript of the proceedings had as taken stenographically by me at the time and place aforementioned.

Dated this 7th day of February, 2015.

______________________________

s/Darlene M. Martinez

RMR, CRR