IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GEORGE THOMAS BROKAW,
2.    JOHN J. PAWELSKI, and
3.    MIMI M. VIGIL,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CRIM. P. 33 and 34**

---

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Crim. P. 33 and 34 (Doc. # 420).   Although the Court construes the Defendants' *pro se* motion liberally, as it is required to do, *United States v. Walton*, 9 F. App'x 803, 805 (10th Cir. 2001), the Motion fails to state a claim for which relief may be granted, and is accordingly denied.

**1. Defendants' Claims for Relief Under Rule 34 Are Time-Barred and Fail As a Matter of Law.**

Defendants argue that, per Rule 34 of the Federal Rules of Criminal Procedure, this Court may dismiss this case "if the court does not have jurisdiction of the charged offense."   As the Government noted, even if Defendants' claim was meritorious, which it is not, Rule 34 does not allow the Court to afford relief under this Rule at this stage in the

proceeding. In any case, a Motion filed pursuant to this Rule must be filed "within 14 days after the court accepts a verdict or finding of guilty," which occurred in this case on November 7, 2014. Accordingly, Defendants' Motion, filed February 18, 2015, is untimely. The time limit set out in Rule 34 "is mandatory and jurisdictional." *United States v. Hurd*, No. 98-7129, 1999 WL 285921, at *1 (May 7, 1999) (citing *Rowlette v. United States*, 392 F.2d 437, 438-39 (10th Cir. 1968)); *see also United States v. Johnson*, No.09-30099, 2010 WL 338023, at * 1 n.1 (5th Cir. 2010) (effective December 1, 2009, the time limit set forth in Fed. R. Crim. P. 34(a) was revised from seven to fourteen days).

Additionally, there is no basis for the assertion, made yet again, that this Court lacks jurisdiction. *See* (Doc. # 217) (rejecting this precise argument).

**2. Defendants Are Not Entitled to a New Trial Pursuant to Fed. R. Crim. P. 33.**

Although their Motion is cryptically written, it appears that Defendants argue that they are entitled to a new trial because: 1) the Court violated numerous amendments to the Constitution in violation of their Due Process rights; 2) the Court committed structural error through a) the concealment of evidence; b) judicial bias; c) allegedly receiving financial benefits; and d) failing to take judicial notice of facts and law; and 3) the prosecution concealed material evidence. (Doc. # 420 at 3-16.)

However, Defendants' due process claims are entirely without support. Despite being construed liberally, the Motion's bald conclusions, unsupported by allegations of fact, are legally insufficient and that pleadings containing such conclusory language may be summarily dismissed. *See Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981)

("Constitutional rights allegedly invaded . . . must be specifically identified. Conclusory allegations will not suffice") (citation omitted); *Lorraine v. United States*, 444 F.2d 1 (10th Cir.1971) (same); *Walton*, 9 F. App'x at 805 (noting that it is not the "proper function of the district court to assume the role of advocate for the pro se litigant.   The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.")

Additionally, Defendants' structural error claims fail as a matter of law.   Such errors "are rare indeed."   *United States v. Pursley,* 550 Fed. Appx. 575, 579 (10th Cir. 2013).   Structural errors must affect "the entire conduct of the trial from beginning to end and deprive the defendant of basic protections, without which a criminal trial cannot reliably serve the function as a vehicle for determination of guilt or innocence."   *Id.* (citing *United States v. Pearson*, 203 F.3d 1243, 1260 (10th Cir. 2000)).   Defendants have offered no evidence to support their allegation that the Court allegedly concealed evidence that the Court "had no jurisdiction pursuant to Title 18."   (Doc. # 420 at 5.)   In any case, this Court has repeatedly rejected Defendants' patently frivolous argument that this Court lacks jurisdiction, and continues to do so here.   (See Doc. ## 217, 373).   *See also Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) (stating that similar types of tax-protester arguments "have long been held to be lacking in legal merit and frivolous").

Similarly, Defendants have offered no evidence to support their notion that "the prosecutor and the judge intentionally ignored the law and proceeded without jurisdiction," or that this Court "received financial benefits for obtaining a conviction in this

case." (Doc. # 420 at 5, 7.)

Additionally, Defendants claim that the Court failed to take judicial notice of a matter allegedly appearing in the congressional record, numerous letters, a memorandum, and a number of cases. (Doc. # 420 at 14-16.) As the Government rightly notes, these are not adjudicative facts, and Defendants did not request at trial that the Court take judicial notice of any of these items. Instead, all of the items listed pertain to legislative facts related to Defendants' claim that this Court lacked jurisdiction to hear this case. In any case, Defendants' fanciful claims as to the Court's lack of jurisdiction are far from universally applicable truths or facts – and this Court is not now, in the context of a Rule 33 motion, required to take judicial notice of them.

Defendants further claim that the prosecution concealed evidence – specifically, that within "the files of the government exists evidence that the IRS routinely accepted 1099oids [sic] and which would have proven that the actions of Petitioners were correct." (*Id.* at 16.) The Court need not look to the files of the government to determine that the IRS routinely accepted Forms 1099-OID; the trial evidence, through the testimony of IRS employee Kristy Morgan and numerous bank officials, established when the filing of a Form 1099-OID is appropriate. The trial evidence demonstrated that Defendants' use of Forms 1099-OID was, in fact, criminal. In particular, Defendants submitted 1099-OID forms that, on their face, purported to have been generated by certain financial institutions and government entities, when, in fact, the forms were created by Defendants themselves.

Lastly, Defendants assert that the government concealed evidence that Title18 and a certain public law are unconstitutional. The government did not conceal any such evidence because none exists.

For the reasons provided above, it is ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Crim. P. 33 and 34 (Doc. # 420) is DENIED.

DATED: February 26, 2015

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge