George Thomas Brokaw
C/o Reg. No.:
FCI-Englewood Satellite Camp
9595 W. Quincy Ave.
Littleton, CO 80123

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 18 2018**

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, DENVER DIVISION

| | |
|---|---|
| GEORGE THOMAS BROKAW, <br> (Reg. No.: 39966-013 <br> Petitioner/Movant, <br> (Plaintiff) <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | ) AFFIDAVIT OF FACTS IN SUPPORT <br> ) OF GROUNDS ONE THROUGH FOUR <br> ) PURSUANT MOTION UNDER <br> ) 28 U.S.C. § 2255 <br> ) <br> ) Case No.: <br> ) <br> ) JUDGE: CHRISTINE M. ARGUELLO <br> ) (United States District Judge) |

COMES NOW, George Thomas Brokaw (hereinafter "Your Affiant"), a sentient man in <u>true name</u> and of majority age, to provide the herewith Affidavit of Facts in Support of Grounds One through Four Pursuant Motion Under 28 U.S.C. § 2255. The aforesaid Affidavit is produced by unsworn declaration under penalty of perjury under the laws of the United States of America.

This Court, because of Petitioner's claim of equitable tolling, has authority to entertain Petitioner's Section 2255 Motion and Petitioner's testimony with respect to facts supporting grounds to Vacate, Set Aside, or Change Sentence.

Your Affiant is familiar with the facts stated herein, which are true and correct and no meant to mislead as follows:

### MATERIAL FACTS TO SUPPORT <u>GROUND</u> <u>ONE</u>

1. Your Affiant is a native-born Ohioan, born December 11, 1945, to lawfully wedded parents, Mr. George William Brokaw and Mrs.

-1-

Helen Marie Mathews Brokaw, as inhabitants of East Liverpool, Ohio, at the time of the birth of their second child who was a male child born at East Liverpool, Ohio City Hospital, whom they named George Thomas Brokaw. See **EXHIBITS "1" and "3"**.

2. Your affiant's parents were lawfully married under the banns of holy matrimony by a Minister of the Methodist Church.

3. Your Affiant, by constitutional right of birth, jus soli, is by definition a native-born <u>Ohioan</u>.

4. Ohio was one of the Territories on opening of the Northwest Territory, 1789, that received statehood on equal footing with the Original Thirteen Sates of the American Union of States.

5. Your Affiant's country of origin is Ohio, not the United States.

6. Your Affiant's nationality is, ipso facto, <u>Ohioan</u>, not United States Nationality.

7. Your Affiant is an alien to the United States and has never been a resident thereof.

8. Your Affiant's political status is a <u>foreign state national</u> to the United States, not a non-citizen nationl, U.S. citizen or citizen of the United States, a.k.a. "federal citizen".

9. Your Affian is not a "person" within the meaning of U.S. Const. Amendment Fourteen.

10. Your Affiant's original domicile is Ohioan, not the United States.

11. Your Affiant, as a newborn, was surreptitiously <u>denationalized</u> through false birth certification by the Ohio State Office of Vital Statistics, of the Ohio Department of Health, under the Office of the State Registrar of Vital Record

and Statistics.

12. Your Affiant's birth certification of facts registered in the Ohio Office of Record and Vital Statistics falsely records Your Affiant's mother in her "maiden name," the <u>unmarried name</u> she was known by in her father's house, not her huband, George William Brokaw's house.

13. Your Affiant's birth certification of facts registered in the Ohio Office of Record and Vital Statistics, falsely registers Your Affiant as an "illegitimate child," born of unweded parents at the time of Your Affiant's birth.

14. Your Affiant was falsely declared via birth certification he was born <u>without parentage</u>, <u>stateless</u>, and <u>indigent</u>.

15. Your Affiant was thereby falsely declared to be a "ward" of the state and a "person" within the meaning of the U.S. Const. Amendment Fourteen.

16. Your Affiant was thereby <u>denationalized</u> of his birthright citizenship and <u>political status</u> in the national and international communities, in violation of U.S. Const. Amendment Eight, constituting "cruel and unusual punishment."

17. Your Affiant's citizenship as a Ohioan and political status as a foreign state national was created under U.S. const. Art. I, § 2, cl. 1, who was declared one of the "people of the several States" who are called a "Citizen of the United States", as orthographically styled.

18. Your Affiant's birthright citizenship cannot be abridged by act or omission of Congress to alter his sovereign status. No power was ordained and established for Congress to amend, abolish, destroy, or limit, in any way the sovereignty of the

people; i.e., to determine who shall constitute the "people". The right of the ultimate sovereignty of George Thomas Brokaw, one of the people holding ultimate sovereignty, has the right to determine for themselves and himself who shall exercise their/his sovereignty, who shall govern them/him, and is not even delegated to their/his state governments, but reserved under control of the poeple themselves in their state constitutions. Changing the sovereign power is not an end or purpose of the Federal government. The people were not setting up an amending agency for their own distruction.

19. Your Affiant's birth parents were misinformed and misled by the State and Federal governments into believing Your Affiant, at about the age of fourteen, was required to secure a social security number in order to work, file and pay taxes.

20. Your Affiant's parents, without being fully informed, filled out a Social Security SS-5 form, to secure for Your Affiant a social security number and unwittingly declared Your Affiant to be a United States citizen having United States nationality, contrary to the law of citizenship for federal citizenship.

21. Your Affian, through fraud promulgated by the General government, actual or constructive, received through the efforts of Your Affiant's parents, the federal identifier for social insurance under social security number 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, as though he were an <u>indigent</u> child.

22. Any presumption of Your Affiant having federal citizenship under the Fourteenth Amendment is refutable, as the Amending Clause under U.S. Const. Article V, cannot be used to abrogate George Thomas Brokaw's birthright citizenship enjoyed as one of

-4-

the "people of the several States."

23. Your Affiant's sovereignty has not been ceded to the Federal government, or delegated to any agents of government whatsoever, the right to interfere with Your Affiant's sovereignty. The United States Congress has no superior sovereign power over the "people" or Brokaw.

24. Your Affiant, by virtue of his birthright citizenship as a foreign state national to the United States is not subject to the laws of the United States or any of its courts.

25. Your Affiant is not a "person" under any of the laws of the United States or the Union of States which are one of the component commonwealths or states of the United States of America.

26. Your Affiant's declaration at sentencing of political status as a Ohioan and foreign state national, and non-federal status of federal citizenship was surreptitiously denied by the court of first instance and ignored as having "no merit"-this in order to usurp power and jurisdiction for going forward to sentencing Brokaw.

27. The court of first instance, lacking the powers of an Article III court, for being open and being in session, lacked autority to proceed through every critical stage of its pretended "criminal proceeding", with complete absence of jurisdiction over Your Affiant's person or the subject-matter of dispute, rendering any judgment on verdict of conviction VOID, ab initio.

28. Your Affiant is ipso facto, not subject to the laws of any of the states of the Union or their courts. Likewise, Your

Affiant is not subject to the laws of the United States or its courts without his express written cosent to waive sovereign immunity.

## FACTS TO SUPPORT GROUND TWO

1. Your Affiant's private right to liberty was unconstitutionally suspended for an alleged violation of public rights under statute, in a legislative court lacking judicial powers of a <u>court of justice</u>.

2. Your Affiant's court of first instance lacking judicial powers, was incapable of dispensing U.S. Const., Fifth Amendment, due process of law.

3. Your Affiant was accused of violating the U.S. Government's public right under statutory enactment of 18 U.S.C. § 371, without due process of law which constituted a species of <u>bill of attainder</u> called a "<u>bill of pains and penalties</u>," prohibited by U.S. Const., Art. I, § 9, cl. 3.

4. Your Affiant was punished for a violation of 18 U.S.C. § 371 when Your Affiant was never subject to such law and therefore innocent.

5. Your Affiant was punished under an <u>ex post facto</u> law where government modified the rules of evidence such that less or different testimony was introduced by the prosecutorial team with respect of Your Affiant's <u>true</u> political status, which was/is Your Affiant's lawful protection against such law, deprived to him in order to convict Your Affiant.

6. Ex post facto laws are prohibited by U.S. Const., Art. I, § 9, cl. 3.

7. Your Affiant's right to criminal prosecution in a court

having judicial powers authorized to suspend Your Affiant's liberty was denied him in order to deprive Your Affiant of constitutional <u>due process of law</u> under U.S. Const. Fifth Amendment, and constitutional <u>trial by jury</u> under U.S. Const. 6th Amendment or 7th Amendment, in order to convict Your Affiant.

8. The court of first instance issued a verdict of conviction in a legislative/territorial court of <u>general jurisdiction</u> that is authorized to issue <u>only</u> "advisory opinions" giving court's hypothetical interpretation of law which is not binding on parties before it, without their willing and knowing consent.

9. A judicial court of <u>limited jurisdiction</u>, entitled to Your Affiant, in order to suspend his liberty, cannot be a court of <u>general jurisdiction</u> or empowered to issue advisory opinions.

10. Your Affiant's court of first instance falsely pretended to exercise <u>judicial</u> powers, when it had none, to deprive Your Affiant of his liberty, which violated constitutional <u>separation of powers</u>.

11. Your Affiant could not consent cure a violation implicating separation of powers under U.S. Const. Article III.

12. The instant court's non-binding decision, orders or decree was not conclusive as to the rights of Your Affiant or the Plaintiff and therefore <u>not a final decision</u>, judgment or order, res judicata.

13. The non-judicial court of first instance was <u>not a court of record</u> empowered to fine or imprison Your Affiant. Any statute of Congress granting an Article I or Article IV court such powers is unconstitutional, null and void, as Congress lacks powers to authoritatively act upon core private right to liberty outside the

-7-

exercise of a judicial court of competent jurisdiction.

14. Your Affiant's private right to liberty and property were unconstitutionally taken without authority to do so without a constitutional grant of <u>police powers</u>. Congress lacks powers to punish felonies generally. It has the power to punish <u>only</u> four crimes enumerated in the Constitution under U.S. Const., Art. I, § 8, cl.6, Art. I, § 8, cl. 10 and Art. III, § 3, cl. 2.

15. Your Affiant was prosecuted for alleged violation of the revenue laws, however, the revenue laws are limited to enforcement under a grant of <u>general jurisdiction</u> exercisable only in courts enumerated in 28 U.S.C. §§ 81 et seq., having jurisdiction in territory subject to the legislative authority of the United States, not extraterritorial jurisdiction in the legislative jurisdiction of one of the several States of the Union. See **EXHIBIT "4"**.

16. The Federal government lacks congressional autority to displace Article III courts. Congress may not use Article I powers to create legislative tribunals such as the court of first instance, an Article IV court, to divest Article III courts of their authority to conduct federal <u>criminal proceedings</u>, as was done against Your Affiant.

17. Having done so, the court of first instance rendering judgment of conviction against Your Affiant, was <u>void</u>, ab initio and beyond the pale of <u>justice</u>.

## FACTS TO SUPPORT <u>GROUND THREE</u>

1. Violations of Acts of Congress arising under the revenue laws authorizing seizures on land, mandating proceedings in rem, under admiralty law, are subject to taking only in <u>judicial</u>

-8-

courts having <u>common law jurisdiction</u> and constitutional <u>trial by jury</u>.

2. Such takings for a violation of the revenue laws are subject to a condition precedent of compliance with Federal Rules of Civil Procedure and Supplemental Rules for Certain Admiralty and Maritime Claims.

3. Failure to comply with such rules, as was done by Plaintiff in Your Affiant's instant matter, which may constitute failure to prosecute or comply with rules for delay or contumacious conduct, to the prejudice of the defense, is subject to <u>involuntary dismissal</u> of plaintiff's claim under Fed. R. Civ. P. 41(b) with prejudice.

4. Only a court having <u>judicial powers</u> under U.S. Const., Art. III, has jurisdiction to hear any claim for a violation of the revenue laws in <u>proceedings in rem</u>.

5. Your Affiant's matter, for a violation of Act of Congress under the revenue laws, was unconstitutionally heard in a court lacking jurisdiction and judicial powers to decide the matter.

6. Your Affiant charged in the government's Indictment with one count under title 18 U.S.C. § 371, to defraud the United States for "the purpose of impeding, impairing, obstructing and defeating the lawful Government function of the Internal Revenue Service of the Treasury Department" was not a supportable claim.

7. United States Code Title 31, ch. 31, Subchapter 1, § 301 et seq., defines the Department of the Treasury as an executive department of the United States. Of the agencies listed under the Department of the Treasury, the so-called Internal Revenue Service is <u>not listed</u> as an "Agency, Bureau or Service" of the

-9-

United States.

8. The only mention of the entity called the Internal Revenue Service is with respect to Assistant General Counsel having appointment as Chief Counsel for the Internal Revenue Service, who is the Chief Law Officer of the Service, who carries out certain duties and powers prescribed by the Secretary. The Secretary, having no legislative powers, can prescribe duties under regulations corresponding to duties identified specifically by statute under Congressional Act. Regulations inconsistent with statue are void.

9. There is no Act of Congress creating any Bureau of Internal Revenue or the entity called the Internal Reveue Service. It is an <u>agency by estoppel</u> being a private business for profit registered with Dunn and Bradstreet with Dunn and Bradstreet Number 045395587.

10. The Internal Revenue Service (IRS) cannot sue or be sued in the name of the United States, because it is not an agency, bureau or service of the United States. For government attorneys to aver the IRS performs <u>governmental functions</u> defined as discharge of the government's obligations for health, safety or general welfare of the public generally, is a false averment.

11. The Indictment aforesaid against Your Affiant, fails to affirm Your Affiant committed a substantive crime with acts accompanied with "unlawful, fraudulent intent" as a public offense and fails to cite what statute under revenue laws has extraterritorial jurisdiction. See e.g., **Exhibit "4"**

12. Furthermore, a Federal Grand Jury Indictment, embracing any charge against Your Affiant, must be done when the court is in

"session" and "open" to conduct "judicial business," to be valid. Only an Article III court has <u>sessions</u> and can be <u>open</u> to conduct <u>judicial business</u>.

13. A complaint against Your Affiant, to be valid, must be made upon <u>oath</u> sworn before a magistrate, pursuant Fed. R. Civ. P. 3, to establish probable cause the person named in the complaint committed the alleged crime, such that a warrant for arrest may issue or be summoned to appear in court to defend against the complaint.

14. Because Your Affiant was accused of a violation of the revenue laws, the dispute falls under an <u>action in rem</u>, subject to Supplemental Rules for Certain Admiralty and Maritime Claims, which under Supplemental Rule C(2)(a) requires the complaint be verified with an affidavit to the effect that the complaint is true.

15. Under Admiralty, the complaint must be <u>verified</u> to arrest or seize the thing accused, called the res, pursuant Supplemental Rule C(3).

16. The plaintiff in an action in rem must provide a <u>verified statemet of right of interest</u> within 14 days of execution of arrest or summons to appear, or as the court allows.

17. In addition to other requirements applicable to Plaintiff pursuant a 1985 amendment to the Supplemental Rules, a <u>security must be posted</u> by the Plaintiff to protect the owner of the property under attachment.

18. Your Affiant has been unable to affirm the Plaintiff in the instant case, complied with any of the aforesaid rules or requirement for a valid complaint against Your Affiant.

19. Failure of Plaintiff in the Brokaw matter to comply constituted grounds for <u>mandatory involuntary dismissal</u> of Plaintiff's claim, without a motion from the defense or the court, sua sponte.

20. Your Affiant believes there was no integrity in the proceedings conducted in the instant court under the framework of Fed. R. Civ. P. 1, which is construed to secure a just determination of any action inherent in a court of competent jurisdiction's interest of orderly administration of justice for Your Affiant.

21. The instant court lacked judicial powers under admiralty, equity or common law jurisdiction to render a judgment binding against Your Affiant.

21. Constitutional protections of private rights of Your Affiant were unavailable in order to extend 5th Amendment <u>due process of law</u> for Your Affiant.

22. The judgment of conviction of a court without jurisdiction, such as the court of first instance, is <u>void</u>, ab initio, and it <u>is the duty of the court to discharge Your Affiant</u>.

### FACTS TO SUPPORT GROUND FOUR

1. Your Affiant was entitled to effective assistance of counsel at every critical stage of the proceeding of the criminal matter before the court of first instance.

2. Your Affiant was entitled to effective assistance of counsel in proceedings in which rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of Your Affiant's case was to be substantially affected.

3. An attorney is an <u>officer of a court</u> conducting <u>judicial</u>

-12-

business, which limits a Bar attorney to performing judicial functions. No bona fide judicial function of appointed counsel could be manifested in the non-judicial court of first instance. The implication is that he lacked constitutional powers to perform any of the tasks anticipated for effective counsel under U.S. Const., Sixth Amendment. Counsel's participation as defense counsel could not be effective to prevent loss of rights, waive defenses, protect privileges claimed or waived in which the outcome of Your Affiant's case could be favorably and substantially affected.

4. Sixth Amendment Right to Counsel exists in order to protect the fundamental right to a fair trial incorporated in 6th and 7th Amendment trial by jury.

5. Appointed counsel was obviously not adequately law trained to know constitutional elements of trial by jury as opposed to a fake jury of 12 special commissioners in the non-competent, non-judicial court of first instance, in order to protect Your Affiant's fundamental right to a fair trial of case or controversy under U.S. Const., Art III, § 2, cl. 1.

6. Appointed counsel to Your Affiant was unable to discern the nature and cause of the accusation against Your Affiant, which included the element of the court's jurisdiction, being of general or special jurisdiction, which was the Plaintiff's burden to prove, which counsel refused to challenge for Your Affiant.

7. Counsel appointed for defense of Your Affiant failed to hold the prosecution to its heavy burden of proof beyond a reasonable doubt to survive the crucible of meaningful adversarial testing envisioned by the 6th Amendment.

8. Counsel failed to exercise the skill, judgment, and diligence of a reasonably competent defense attorney.

9. Appointed counsel was so ineffective he did not know what a court of competent jurisdiction is to try criminal matters with power and authority to suspend Your Affiant's private rights to liberty and property for a violation of an Act of Congress or the revenue laws.

10. Counsel was so ineffective he was unable to understand what constituted a constitutional jury capable of rendering a fair verdict that is reliable and not suspect and binding with respect to Your Affiant.

11. Counsel was so ineffective he was unable to comprehend the 6th Amendment guarantee for Your Affiant such that it could not be satisfied by mere formal appointment.

12. No amount of showing of want of prejudice to Your Affiant would cure counsel's ineffective assistance.

13. The result of sentencing proceedings was neither fair nor reliable to produce anything other than an unjust result, that was neither constitutional nor binding.

14. Brokaw fired his court appointed counsel because counsel was invariably <u>ineffective</u> <u>to</u> <u>know</u> "presence of counsel" essential to secure Brokaw's rights at all critical stages of proceedings means "presence of counsel" in an Art. 3 "open court" that is in "session" for "judicial business."

15. Your Affiant was tried before a person not a judge, which counsel was too ineffective to know what constituted a "judge" in a court of law, which the court was not, and to know the judgment was void, and of no consequence.

-14-

16. Your Affiant has been falsely accused, arrested and imprisoned which damaged Your Affiant in his person, property and reputation and is therefore entitled to compensatory and punitive damages for the violations of Your Affiant's rights, loss suffered as well as pain and suffering.

17. Such compensatory damages reasonable to be demanded by Your Affiant for false arrest and imprisonment itself, and mental anguish Your Affiant has suffered should be imposed on Plaintiff, United States of America, in accordance with principles enunciated by the U.S. Court of Appeals, for the 11th Circuit, in <u>Trezevant v. City of Tampa</u>, 741 F.2d 336; 1984 U.S. App. LEXIS 18863, which ruled that defendant was entitled to reasonable compensation of $1,087.00 dollars per minute for false arrest and false imprisonment.

FURTHER AFFIANT SAYETH NAUGHT.

TIMELY SUBMITTED and signed under penalty of perjury under the laws of the United States of America this __15__ day of January 2018.

_[signature]_
Autograph of Affiant