George Thomas Brokaw
C/o Reg. No.: 39966-013
FCI-Englewood Satellite Camp
9595 W. Quincy Ave.
Littleton, CO 80123

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 18 2018**

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, DENVER DIV.

| | |
|---|---|
| GEORGE THOMAS BROKAW (Reg. No.: 39966-013)   Petitioner/Movant, (Plaintiff)  v.  UNITED STATES OF AMERICA, Respondent. (Defendant) | ) MOTION FOR JUDICIAL NOTICE : OF STATEMENT FOR STANDARD ) OF REVIEW FOR MOTION : UNDER 28 U.S.C. § 2255 ) : Civil No.: ) : JUDGE (Requested): C. ARGUELLO ) (United States District Judge) : |

COMES NOW, George T. Brokaw, pro persona, Habeas Petitioner (hereinafter "Movant"), a sentient man in true name, to respectfully move the court to take Judicial Notice of the following Statement of the Standard of Review for the Petition for Writ of Habeas Corpus filed with the Sentencing Court of first instance, codified under 28 U.S.C. § 2255, (hereinafter "§ 2255" Motion) as follows:

1. Petitioner's § 2255 Motion deposited in the inmate mailbox system, sent First Class Mail and postage prepaid, with proof of service for date sent to the court and Respondent's counsel, the § 2255 Motion, Memorandum and Affidavit of Facts in Support is the statement identifying each of the grounds raised in the aforesaid Motion to disqualify office of opposing counsel's claims against the convicted on verdict of conviction, captioned in the court of first instance as Defendant GEORGE T. BROKAW was remanded to be treated as motion filed pursuant to 28 U.S.C.

-1-

§ 2255.

2. The Standard of Review for the four constitutional errors/grounds raised in the § 2255 Motion is de novo. The § 2255 proceeding is an original civil suit; and independent and collateral inquiry into the validity of the conviction; a separate proceeding independent of the original criminal case.

3. Section 2255 requires an evidentiary hearing upon an appropriate showing. The Plaintiff bears the burden of establishing by preponderence of the evidence that he is entitled to relief and to an evidentiary hearing; the trial court must take all well pleaded, material factual allegations as true, except if conclusively contradicted by the record in the criminal case, construing the complaint liberally in favor of the Petitioner/Plaintiff/Movant.

4. The Rules of Civil Procedure apply for habeas corpus to the extent that the practice in those proceedings: (a) is not specified in a Federal statute, the rules governing § 2255 cases (Fed. R. Civ. P. 81(a)(4); Rules-Section 2255 proceedings-Rule 12; Federal Rules of Criminal Procedure may also be applicable but do not *ex proprio vigore* govern habeas proceedings.

5. When raised as defective in habeas proceedings, the party invoking Federal jurisdiction in the original criminal case bears the burden of establishing it is not defective or non-existent. The trial court too is to establish from the record whether the party invoking jurisdiction has met its burden and that the court therefore has jurisdiction, general or special, over the matter presented, which establishes a condition precedent for conducting proceedings binding upon parties before the court.

6. A <u>Brady material claim</u> (Brady v. Maryland, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] 1963, involves an allegation of "prosecutorial misconduct" whereby evidence favorable to the accused, known to the governmernt, is withheld from the criminal defendant and the finder of fact.

7. The Standard of Review for relief pursuant to <u>Brady</u> claim is whether there is a reasonable probability that the result of the proceedings would be different had the exculpatory information (now available) been disclosed by the government. Certainly, the reasonable probability requirement is less than the preponderance of the evidence standard.

8. A <u>Mooney-Napue violation</u> (Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 (1979); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340 (1955)) occurs when (1) a government witness commits perjury; (2) the government knew or should have known of his perjury; (3) the testimony went uncorrected; and, (4) there is any reasonable likelihood that the false testimony could have affected the verdict. Under <u>Napue</u>, perjury also includes altered/falsified material evidence and/or technically true but misleading testimony.

9. Habeas relief is warranted for a <u>Mooney-Napue</u> claim where there exists any reasonable likelihood that the false or misleading testimony could have affected the judgment of the jury. This is equivalent to the prima facie standard of prejudice.

10. For a habeas claim involving "fraud on the court," no prejudice needs to be established in order to secure habeas relief. Where the true political status of the captioned

-3-

Defendant aforesaid, in the trial court was fabricated evidence to achieve purpose of conviction, such was indeed fraud on the court.

11. A <u>Strickland standard</u> (Strickland v. Washington, 466 U.S. 668 (1984)) involves an allegation of ineffective assistance of counsel. To prevail, the claimant of a violation must demonstrate deficient performance by counsel that resulted in prejudice at any critical stage of the proceedings. Unquestionably, the court must speculate as to the potential prejudice.

12. Habeas relief is warranted for a <u>Stricland</u> claim where the Petitioner can demonstrate that, absent deficient performance by counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The <u>Strickland</u> requirement and standard, like that of a <u>Brady</u> claim, is less than a preponderence of the evidence standard.

13. The ultimate question in the habeas proceeding is not the absolute guilt or innocence of the Petitioner. Rather, the focus of inquiry is whether the prior criminal proceeding suffered from any substantial constitutional violation that would undermine the requisite conficence in a just outcome.

14. Where criminal proceeding suffered from multiple <u>Brady</u>, <u>Napue</u>, and/or <u>Strickland</u> errors, the court must aggregate the potential prejudice from each error or violation to determine the cumulative effects of all the constitutional violations on the integrity and confidence in the outcome of the proceedings.

WHEREFORE, Petitioner/Plaintiff/Movant adopts by reference the supporting Memorandum of Law with supporting Affidavit of Facts, and requests the Court take Judicial Notice of the

-4-

Statement of Standard of Review for the pending § 2255 Motion (in general) and the <u>Napue</u>, <u>Brady</u>, and <u>Strickland</u> claims contained therein, to the relief requested in harmony with principles of substantial justice.

Respectfully Submitted,

By: _____
   Autograph

## NOTICE

I, George Thomas Brokaw, a sentient man, have not knowingly, willingly or intentionally waived any of my constitutional or substantial rights in this or any previous filings with this or any other court by or through any agent's actions or inactions now or previously in any matters before this or any other court.

By: _____
   Autograph

## UNSWORN DECLARATION

I, George Thomas Brokaw, sentient man, affirm under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and understanding. Title 28 U.S.C. § 1746.

Executed on January 15, 2018.

By: _____
   Autograph